THREADGILL, Acting Chief Judge.
Worlen G. Knighten challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850. We affirm the trial court’s order except as it relates to Knighten’s claim that he was sentenced pursuant to an unconstitutional version of the 1995 guidelines.
Knighten alleged that his sentence was a departure under the 1994 guidelines, and the trial court correctly found that Knight-en’s offense fell within the Heggs[1] window. However, the trial court denied Knighten’s claim, finding that because the sentence of life imprisonment was within the statutory maximum for second-degree murder, “the sentence could have, therefore, been imposed without a departure under the 1994 guidelines.” The trial court is incorrect. It is not the statutory maximum to which the trial court must look, but the maximum allowable under the 1994 guidelines. On remand, the trial court shall determine whether Knighten’s sentence was in excess of the 1994 sentencing guidelines maximum. If so, Knighten must be resen-tenced under the 1994 guidelines. See Blanco v. State, 765 So.2d 881 (Fla. 2d DCA 2000). If the trial court determines that resentencing is unnecessary, it shall attach to its order those portions of the record it relied on in reaching this conclusion. Id. The order of the trial court is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded for further proceedings.
PARKER, and WHATLEY, JJ., concur.

. Heggs v. State, 759 So.2d 620 (Fla.2000).